IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMMED ABUHARBA, #Y16719, <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN T. DYE, <br> KENT E. BROOKMAN, <br> JASON N. HART, <br> JACQUELINE A. LASHBROOK, <br> LARISSA WANDRO, <br> AMY BURLE, and <br> JOHN R. BALDWIN, <br><br> Defendants. | Case No. 20-cv-00854-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Muhammed Abuharba, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Abuharba claims his due process rights were violated when he was written a false disciplinary report and sentenced to segregation. He seeks monetary damages and injunctive relief.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Abuharba alleges the following: On March 13, 2018, while housed in North 2 Cellhouse at Menard, Defendant Dye came to his cell and conducted a shakedown. (Doc. 1). The shakedown yielded no results, but Dye fabricated a story and said that Abuharba swallowed a small folded letter. Dye wrote Abuharba a disciplinary report for "impeding or interfering with an investigation and disobeying a direct order essential to safety and security." In the report, Dye did not list any witnesses to corroborate his story.

On March 15, 2018, Abuharba was given an emergency phone call so his family could inform him that his brother had died. After the phone call, he was in a mentally unstable state. He appeared before the Adjustment Committee on March 20, 2018, and provided Defendants Brookman and Hart a written response to the disciplinary report, listing his cellmate at the time of the shakedown as a witness. Brookman and Hart did not call his witness and falsified a report. They took Dye's allegations as true, even though Dye did not have any witnesses or evidence to support his allegations. Brookman and Hart found Abuharba guilty of the charges and sentenced him to three months in segregation.

Because of the death of his brother and being sentenced to segregation for an offense he did not commit, Abuharba began to develop suicidal thoughts and suffer from anxiety, depression, hyperarousal, flashbacks, nightmares, sleep disturbances, and changes in memory and concentration. Abuharba complained of his issues through the grievance process at Menard, and Defendants Wandro, Lashbrook, Burle, and Baldwin denied his grievance.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Count:

**Count 1:** Fourteenth Amendment due process claim against Defendants for

the issuance of a false disciplinary report resulting in segregation.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

When a plaintiff brings an action under Section 1983 for procedural due process violations, he must plead that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court reviewing a due process claim must, therefore, engage in a two part inquiry: (1) was there a protected interest at stake that necessitated the protections demanded by due process; and (2) was the disciplinary hearing process conducted in accordance with procedural due process requirements? Whether the disciplinary report and the procedures employed during his disciplinary proceedings violated due process need not be considered, however, because Abuharba has failed to plead that a protected interest was at stake.

Generally, prisoners "do not have a liberty interest in avoiding brief periods of segregation, whether administrative or disciplinary." *Smith v. Akpore,* 689 F. App'x 458, 460 (7th Cir. 2017). *See also Hardaway v. Meyerhoff,* 734 F.3d 740, 743 (7th Cir. 2013) ("an inmate's liberty interest in avoiding disciplinary segregation is limited") (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). Here, Abuharba alleges he was placed in segregation for three months. He claims that being placed in segregation for an offense he did not commit, in addition to the death of his brother, caused him severe mental and emotional anguish for which he now requires extensive psychiatric counseling. He does not, however, describe or assert factual allegations

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

regarding the conditions of his confinement that constituted atypical and significant hardships in violation of the Constitution. The Seventh Circuit has held that three months in segregation, standing alone, does not implicate a protected liberty interest, *Lekas v. Briley,* 405 F. 3d 602, 613 (7th Cir. 2005), and that simply pleading that imposition of disciplinary segregation, "without additional facts about the conditions of confinement, would not implicate a liberty interest." *Miller v. Maue*, 759 F. App'x 515, 516 (7th Cir. 2019) (citations omitted). Accordingly, Abuharba has failed to allege he was deprived of a protected liberty interest while in segregation, and Count 1 is dismissed as to all Defendants without prejudice.

Because Count 1 is dismissed, the Complaint does not survive preliminary review pursuant to Section 1915A. The Court, however, will grant Abuharba an opportunity to replead his claims and file an amended complaint.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint (including **COUNT 1**) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Abuharba is **GRANTED** leave to file a "First Amended Complaint" on or before **July 19, 2021**. Should Abuharba fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Abuharba use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00854-SPM). To enable him to comply with this Order, the

**CLERK** is **DIRECTED** to mail Abuharba a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Abuharba must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Abuharba is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Abuharba is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 21, 2021**

                                                     *s/ Stephen P. McGlynn*
                                                   **STEPHEN P. MCGLYNN**
                                                   **United States District Judge**