IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MOHAMMED ABUHARBA,** **#Y16719,** | |
| Plaintiff, | Case No. 20-cv-00854-SPM |
| v. | |
| **JONATHAN T. DYE,** **KENT E. BROOKMAN,** **JASON N. HART,** **JACQUELINE A. LASHBROOK,** **LARISSA WANDRO,** **AMY BURLE, and** **JOHN R. BALDWIN,** | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Muhammed Abuharba, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Abuharba claims his due process rights were violated when he was written a false disciplinary report and sentenced to segregation. He seeks monetary damages and injunctive relief.

The Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE AMENDED COMPLAINT

Abuharba alleges the following: On March 13, 2018, while housed in North 2 Cellhouse at Menard, Correctional Officer Dye came to his cell and conducted a shakedown. (Doc. 14). The shakedown yielded no results, but Dye falsely recorded that Abuharba swallowed a small, folded letter. Dye wrote Abuharba a disciplinary report for "impeding or interfering with an investigation and disobeying a direct order essential to safety and security." In the report, Dye did not list any witnesses to corroborate his story.

On March 20, 2018, Abuharba appeared before the Adjustment Committee Members, Brookman and Hart. He provided Brookman and Hart a written response to the disciplinary report, listing his cellmate at the time of the shakedown, Jesus Garcia, as a witness. Brookman and Hart falsely recorded that they called Garcia as a witness, and they did not. Brookman and Hart took Dye's allegations as true, even though Dye did not have any witnesses or evidence to support his allegations. Brookman and Hart found Abuharba guilty of the charges and sentenced him to three months in segregation.

While in segregation, Abuharba was housed in unsanitary conditions. The cell was contaminated with mold, had little to no air flow and ventilation, and had rust build-up on the solid steel door. The rust particles would fall into Abuharba's food and drinking cup on a regular basis. The cell was also infested with insects and had feces on the wall. After a week in segregation, he was given cleaning materials, but the insect infestation remained. For a week, the toilet and sink did not work, and he was forced to live with the smell of his own urine and feces for a week. After the sink began to work, the water was contaminated with little black specks that caused Abuharba's stomach to hurt when he drank the water.

The showers were also unsanitary. They were not regularly cleaned, and Abuharba had to come in contact with other inmates' head and pubic hairs and bodily fluids. The showers constantly

flooded causing Abuharba to have to stand in stagnant water containing soap scum, trash, bacteria, and insect larvae growing on the shower floor.

On March 15, 2018, Abuharba was given an emergency phone call so his family could inform him that his brother had died. After the phone call, he was in a mentally unstable state and requested mental health services but never received any treatment.

## DISCUSSION

Based on the allegations of the Amended Complaint, the Court finds it convenient to designate the following counts:

**Count 1:** Fourteenth Amendment due process claim against Defendants for punishing Abuharba with segregation following the March 20, 2018 disciplinary hearing.

**Count 2:** Eighth Amendment claim of cruel and unusual punishment against Defendants for placing Abuharba in unsanitary living conditions.

**Count 3**: Eighth Amendment claim of deliberate indifference for denial of mental health services.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

## Count 1

The Fourteenth Amendment protects inmates from deprivations of life, liberty, or property without due process of law. *See* U.S. CONST. amend. XIV. In the context of prison disciplinary hearings, due process protections can be triggered by the loss of liberty associated with segregation if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

of prison life." *Hardaway v. Meyerhoff*, 734 F.3d 740 (7th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Although an inmate's liberty interest in avoiding segregation is limited, Abuharba's three months of segregation in allegedly unsanitary living conditions suggests that a protected liberty interest was at stake. Additionally, Abuharba allegations that the disciplinary report was false, he was not allowed to call witnesses, and the decision by the Adjustment Committee was not based on evidence also suggest that he may have been denied due process protections. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (outlining due process protections for prison disciplinary proceedings). Therefore, Count 1 will proceed against Defendants Dye, Brookman, and Hart.

As for Defendants Lashbrook, Wandro, Burle, and Baldwin, Abuharba alleges that his confinement in segregation was allowed to continue because these individuals reviewed and then denied his grievance regarding the improper disciplinary report and subsequent hearing. (Doc. 14, p. 6, 14). The denial of a grievance, however, is not sufficient to establish liability. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (the mishandling of a grievance "by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F. 3d 605, 609 (7 Cir. 2007) ("[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation"). Thus, Count 1 is dismissed against Lashbrook, Wandro, Burle, and Baldwin.

**Count 2**

Two elements are required to plead a claim for cruel and unusual punishment regarding prison conditions. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element—establishing a defendant's culpable state of mind, which is deliberate

indifference to a substantial risk of serious harm to the inmate from those conditions. *Id.* at 842.

Here, Abuharba asserts that because of Defendants' action, he was placed in unsanitary conditions. (Doc. 14, p. 7). His allegations do suggest that he was held in unconstitutional conditions while in segregation. However, he has failed to include any allegations that Defendants had actual knowledge of his living conditions or risk of harm while in segregation, and then disregarded that harm. Accordingly, Count 2 is dismissed without prejudice.

Abuhraba will be afforded an opportunity to file a Second Amended Complaint, however, so he can provide more factual detail and identify who had actual knowledge that he faced substantial harm and yet disregarded that risk by failing to take reasonable measures to address it.

### Count 3

Abuharba's claim that he was denied mental health services for post-traumatic stress disorder is also dismissed. He does not identify any individual to whom he made the request for mental health services; nor does he plead that Defendants were aware of his serious medical need and acted with a sufficiently culpable state of mind. *See Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008). Therefore, Count 3 is dismissed without prejudice.

### DISPOSITION

For the reasons provided above, the Amended Complaint survives preliminary review pursuant to Section 1915A. **Count 1** will proceed against Defendants Dye, Brookman, and Hart but is **DISMISSED** as to Defendants Lashbrook, Wandro, Burle, and Baldwin. **Counts 2** and **3** are **DISMISSED without prejudice.** Because there are no surviving claims against Defendants Lashbrook, Wandro, Burle, and Baldwin, they are **DISMISSED** from this case. The Clerk of Court is **DIRECTED** to terminate them as defendants.

Abuharba is **GRANTED** leave to file a "Second Amended Complaint" on or before **December 14, 2021**, in order to replead his claim in Count 2. Abuharba is **ADVISED** that an

amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the Amended Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Abuharba must re-file any exhibits he wishes the court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

The Clerk of Court shall prepare for Dye, Brookman, and Hart: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Abuharba. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Abuharba, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Abuharba, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Abuharba is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   November 15, 2021

                                                   *s/Stephen McGlynn*
                                                   **STEPHEN P. MCGLYNN**
                                                   **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.