IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMMED ABUHARBA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 3:20-CV-854-MAB |
| | ) |
| JONATHAN T. DYE, et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This case is before the Court on Plaintiff's motion for recruitment of counsel (Doc. 42) and Plaintiff's motion for entry onto land (Doc. 43). For the reasons explained below, both motions (Docs. 42, 43) are denied.

### A. Motion for Entry Onto Land

Plaintiff moves, pursuant to Federal Rule of Civil Procedure 34, for an order permitting him to enter the North 2 Cellhouse at Menard for the purpose of inspecting the cellhouse and photographing it (*See* Doc. 43). Specifically, Plaintiff says that his case concerns allegations about the housing conditions in the North 2 Cellhouse at Menard and he would like to photograph areas of the Cellhouse that are the subject of his case: the "showers, cells, etc." (Doc. 43).

Defendants filed a response in opposition to Plaintiff's motion (Doc. 44). Specifically, Defendants object to Plaintiff's request because Defendants claim that Plaintiff's conditions of confinement claim regarding the North 2 Cellhouse at Menard

was dismissed by the Court. Additionally, Defendants contend that the presence of a photographer in the North 2 Cellhouse (and the photographs themselves) would pose a safety and security concern for the facility.

The Court begins its analysis by noting that Rule 34(a)(2) provides, in pertinent part, that a party may serve upon another party a request to enter onto designated "land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property . . . ." Fed. R. Civ. P. 34(a)(2). But of course, any discovery request must be considered within the context of Rule 26(b), which provides that discovery sought must not be privileged and "relevant" to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

The Court agrees with Defendants insofar is that Plaintiff's conditions of confinement claim has been dismissed and therefore an inspection of the North 2 Cellhouse to take pictures of the cells and the conditions has no relevance to the current claim in this case. In the Court's November 15, 2021 Order (conducted pursuant to 28 U.S.C. § 1915A) which screened the operative complaint (Doc. 14), the Court designated Plaintiff's claims into three counts:

> **Count 1:** Fourteenth Amendment due process claim against Defendants for punishing Abuharba with segregation following the March 20, 2018 disciplinary hearing.
>
> **Count 2:** Eighth Amendment claim of cruel and unusual punishment against Defendants for placing Abuharba in unsanitary living conditions.
>
> **Count 3**: Eighth Amendment claim of deliberate indifference for denial of mental health services.

(Doc. 17). Count 1 was permitted to proceed against Dye, Brookman, and Hart; and dismissed against Lashbrook, Wandro, Burle and Baldwin (*Id.*). Count 2 – the conditions of confinement claim – was focused on what Plaintiff claimed was unsanitary and unconstitutional conditions in the North 2 Cellhouse (*Id.*). This claim was dismissed without prejudice and Plaintiff was afforded an opportunity to amend his complaint if he so desired (*Id.*). Specifically, the Court noted that Plaintiff "failed to include any allegations that Defendants had actual knowledge of his living conditions or risk of harm while in segregation, and then disregarded that harm." (*Id.*). Indeed, this was over a year ago that the Court ruled on this issue and at the time, the Court specifically gave Plaintiff until "December 14, 2021" to try and replead his claim in Count 2 (*Id.* at p. 5). Plaintiff never attempted to replead this claim and now over a year has elapsed since he was given an opportunity to try. Count 3 was also dismissed without prejudice (*Id.*).

Accordingly, the only claim in this case is a Fourteenth Amendment due process claim for punishing Plaintiff with segregation. The conditions of the North 2 Cellhouse (and pictures of it) have no relevance to the due process claim Plaintiff is currently prosecuting. Accordingly, the Court sees no reason to delve into the Defendants' second argument – focused on safety and security – because relevance is the threshold inquiry for any discovery request and the Court has determined that the request at issue simply has no relevance to the claim in this case. Plaintiff's motion for entry onto land (Doc. 43) is **DENIED**.

B. <u>Motion for Recruitment of Counsel</u>

This is Plaintiff's first motion for recruitment of counsel. The Court begins by noting that "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014). The first inquiry the Court must make in determining whether to recruit counsel is whether the plaintiff has made a reasonable attempt to obtain counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff's motion for recruitment of counsel contends that he has written letters to three law offices, attaches copies of the letters, but to date has not received a response to any of the letters (Doc. 42). Each of the letters is dated "12-1-22" so at the time of filing (January 23, 2023), nearly two months had elapsed since Plaintiff mailed his letters (See Doc. 42). While it is not unreasonable that Plaintiff has not heard back from any of these lawyers (given that all are busy practitioners, likely with lots of requests similar to that of Plaintiff's), the Court believes Plaintiff has made a reasonable attempt to find an attorney on his own.

This brings the Court then to the second inquiry, which is whether, given the difficulty of the case, the plaintiff appears competent to litigate the case himself. *Id*. This inquiry requires the Court to ask "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The Court looks at the type of claims being advanced, the stage of litigation, and all the tasks that normally attend litigation, including "evidence gathering, preparing and responding to court filings and

motions, navigating discovery, and putting on a trial." *Id.* at 491. The Court also looks at "the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations, and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* In other words, this inquiry is an individualized one based upon the record as a whole, the nature of the claims, and the plaintiff's ability to pursue his claims through all phases of the case. *Navejar v. Iyioloa,* 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff's argument in support of his motion is primarily predicated on the fact that he has been unable to get the Defendants to comply with his request to take pictures of the North 2 Cellhouse (Doc. 42, p. 3). Plaintiff contends the photographs are necessary to prove his case at trial and he details his meet and confer efforts with Defendants on this subject. But as outlined above, there is no conditions of confinement claim currently being litigated in this case. The only claim Plaintiff is advancing is a due process claim. The Court does not see how the pictures Plaintiff requests to take would have any bearing on his ability to prove his due process claim. And so the discovery request that Plaintiff says he needs counsel to assist him with has now been addressed by the Court, deemed to be irrelevant, and denied.

In considering the due process claim that is at issue, this is a relatively straight forward claim that does not require the comprehension of complex or technical subjects. The due process claim does not involve medical issues, nor does it appear to involve any subtle issues, obscure topics, or nuances too complex for a *pro se* litigant to handle. Furthermore, it seems as though Plaintiff's claim will turn largely on historical facts.

Plaintiff did not provide much in terms of his own education, skills, or other characteristics that might limit his ability to litigate the case. While Plaintiff noted he is on one medication – busbar – he did not indicate how that medication has, will, or might affect his ability to litigate this case in any way. Moreover, the Court notes that in reviewing Plaintiff's submissions to the Court, they are cogent, legible, organized, and well-written. Indeed, in his motion for entry onto land, he cited the applicable Federal Rule of Civil Procedure – Rule 34 – in support of his position. In reviewing Plaintiff's letters to his opposing counsel, he notes that he has propounded "multiple discovery requests including interrogatories" and seems to suggest that Defendants had responded to all of his discovery except the Rule 34 request (Doc. 42, p. 9).

And so, even in considering the phase of the litigation and the fact that Plaintiff is nearing the discovery deadline for merits-based discovery, he has demonstrated an ability to spot issues, identify appropriate legal rules, propound discovery, and engage in a meet and confer with opposing counsel. Accordingly, when the Court looks at the record as a whole, the Court finds that the nature of the claim is not too complex for a pro se litigant and based on the Court's current observations of Plaintiff's submission, he is competent to litigate this case on his own.

## CONCLUSION

Plaintiff's motion for recruitment of counsel (Doc. 42) is **DENIED without prejudice**. Plaintiff's motion for entry onto land (Doc. 43) is likewise **DENIED**.

IT IS SO ORDERED.

DATED:  February 1, 2023

                                                  <u>s/ Mark A. Beatty</u>
                                                **MARK A. BEATTY**
                                                **United States Magistrate Judge**